LAURA E. DUFFY
United States Attorney
TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
Cal. State Bar No. 78291
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7767
Facsimile: (619) 546-7751
Email: Thomas.Stahl@usdoj.gov

Attorneys for the United States

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WEST COAST PROPAGATIONS, LLC<br><br>    Debtor. | Case No. 15-03611-MM11<br><br>**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO APPROVE STIPULATION FOR USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**<br><br>Date:  July 29, 2015<br>Time:  2:00 pm<br>Ctrm:  Dept. 1<br>Hon. Margaret M. Mann |

I

## BACKGROUND

West Coast Propagations LLC, a California Limited Liability Company ("Debtor") filed its Chapter 11 Petition on May 29, 2015. Debtor's Schedule D (Doc 1, 11-12) lists the Internal Revenue Service ("IRS") as a secured creditor based on federal tax liens recorded in 2012, 2013, 2014, and 2015. Regent's Bank Division of Grandpoint Bank ("Bank") is listed as a secured creditor based on first and second deeds of trust recorded in

June of 2008 ($413,631.00 and $188,711.00). Two judgment lien creditors, the State Board of Equalization and the Franchise Tax Board, are also listed on the Debtor's schedules as secured creditors. The Franchise Tax Board has filed a claim but did not list any portion of the claim as secured. (Claim 2-1).

Debtor's amended Schedule B (Doc 38, 5-8) lists personal property with a total value of $2,023,557.31, including cash in two accounts at Bank totaling $9,993.06, accounts receivable in the amount of $412,764.25, and seed flats, plants potted for sale, and stock plants valued at a total of $1,312,050.00. The amended Schedule A shows two parcels of real property with a total value of $1,419,000.00.

On June 19, 2015, the IRS filed a timely proof of claim ("POC") (Claim 1-1) showing the secured portion of its claim for unpaid employment taxes (Agri-FICA, FUTA) and other taxes incurred during 2011 through 2014 in the amount of $547,950.94. An amended POC was filed on July 6, 2015 (Claim 1-2) to change the amounts of the priority and unsecured general portions of the claim, but the amount of the secured portion was not changed. Notices of Federal Tax Lien ("NFTL") for the tax debts listed as secured ($547,950.94) were filed with the California Secretary of State and the San Diego County Recorder's office on various dates in 2013 – 2015 as noted on the two-page Form 10 attached to the IRS's Amended POC [Claim 1-2].

## PROCEDURAL STATUS

On June 19, 2015, Debtor filed a motion for court approval of a stipulation for its use of cash collateral to pay its operating expenses. Debtor has entered into various financial agreements which are detailed in its motion and the stipulation and apparently form the basis for its position that the Bank "holds a first position security interest on Debtor's personal property . . .". [Motion, p. 3] Debtor has secured the Bank's agreement, evidenced by the stipulation, to allow Debtor to use cash collateral to pay

certain expenses detailed in the stipulation. Having received notice of the motion, the IRS hereby registers its opposition.[1]

## ARGUMENT

A federal tax lien attaches to *all* of a tax debtor's "property and rights to property, *whether real or personal*," upon the assessment of the tax and remains in effect until the liability is satisfied. 26 U.S.C. §6321-22. "The statutory language 'all property and rights to property' . . . is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United Sates v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985); *United States v. Donahue Industries, Inc.,* 905 F.2d 1325, 1330 (9th Cir.1990). "When Congress so broadly uses the term 'property,' we recognize, as we did in the context of the gift tax, that the Legislature aims to reach "'every species of right or interest protected by law and having an exchangeable value.'" *Drye v. United States*, 528 U.S. 49, 56 (1999), quoting *Jewett v. Commissioner,* 455 U.S. 305, 309 (1982). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank v. United States,* 326 U.S. 265, 267 (1945). In other words, "all" means *all*, and includes accounts receivable due a debtor. *In re Wind Machine Sales and Service, Inc.*, 161 B.R. 1000, 1010 (Bankr. E.D. Ca. 1993)(Debtor's accounts receivable, inventory, equipment and cash are included within "rights to property"). Therefore, although there may be issues regarding seniority/priority, it is clear that the federal tax liens referenced in the IRS's original and amended POCs attached to all of the assets listed in Debtor's schedules. And the IRS is entitled to protection if any of those assets are to be used by Debtor to operate its business.

---

[1] The present motion may be the wrong vehicle for obtaining the Court's approval of Debtor's use of cash collateral. A motion for authority to use cash collateral is provided for in Fed. R. Bankr. P. 4001(b), which provides that such motions must be made in accordance with the procedure dictated by Fed. R. Bankr. P. 9014 as contested matters. Because the IRS has not given its consent (nor was its consent requested), a motion for approval of a stipulation is inappropriate.

The Bankruptcy Code, 11 U.S.C. §363(c)(2) prohibits the use of cash collateral and cash equivalents without the consent of all secured creditors or a court order. "Cash collateral" includes "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents… and includes proceeds of property…." 11 U.S.C. §363(a). Proceeds of accounts receivable are cash collateral. *In re Reiter Corporation*, 449 B.R. 641 (Bankr. D. P.R. 2011). As shown by its POC, the IRS is a secured creditor to the extent of the tax debts for which NFTLs were filed. A secured creditor is entitled to "adequate protection" of its interest in property of the estate before it may be used, sold, or leased. 11 U.S.C. §363(e). "Adequate protection" may be furnished by periodic payments or a replacement lien. 11 U.S.C. §361(2).

In this case, Debtor was well aware of the IRS's tax liens before it filed for bankruptcy protection. NFTLs covering a large number of tax debts were filed on seven occasions in 2013, 2014, and 2015 before the Petition Date in this case. [Claim 1-2, Form 10]. Further, Debtor listed six of the liens on its Schedule D. Subject to specific enumerated exceptions, the IRS's filing of these NFTLs protects its interest in Debtor's property against purchasers, holders of security interests, and other competing claimants. 26 U.S.C. §6323(a).

Debtor and the Bank have entered into an agreement whereby Debtor would use cash and cash collateral to operate its business and the Bank's claims would be protected. Because the interests of the IRS are not considered in this arrangement, and the parties neither requested nor obtained the IRS's consent, it cannot be allowed. 11 U.S.C. §363(c)(2).

## CONCLUSION

The IRS is a secured creditor in this bankruptcy. Its secured claims total $547,950.94 as shown by its amended POC. Although the stipulation appears to provide protection to the Bank for its secured interests, there is absolutely no provision for protection of the IRS's as required by 11 U.S.C. §363(e). Consequently, it would be

inappropriate to approve the private agreement between Debtor and the Bank in the absence of adequate protection for the IRS's claims and the motion should be denied.

DATED: July 15, 2015

LAURA E. DUFFY
United States Attorney

*/s/ Tom Stahl*
TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
Attorneys for the United States

5